IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY HENRY RICE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-724-GKF-TLW |
| | ) | |
| VALMONT INDUSTRIES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the court is the Notice of Removal filed by defendant, Valmont Industries, Inc. ("Valmont"). [Dkt. #2]. Plaintiff, a former Valmont employee, filed this action in Tulsa County District Court, alleging Valmont violated the Oklahoma Workplace Drug and Alcohol Testing Act ("OWDTA"), 40 O.S. § 554, when it required plaintiff to take a drug test and thereafter terminated him. [Dkt. #2-2, Petition]. The style of the case identified Valmont as "a foreign corporation." [*Id.*]. Plaintiff sought judgment "in an amount less than $75,000" for lost wages, compensatory damages, costs and attorney fees. [*Id.* at 2]. Valmont removed the case to federal court, asserting in the removal notice that the federal count had jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 based on diversity of citizenship, and "[p]ursuant to the allegations contained in Plaintiff's Petition, Defendant believes that damages sought may exceed $75,000." [*Id.,* ¶¶3-4].

Plaintiff did not contest Valmont's removal of this case to federal court. However, the court has an obligation to determine the existence of jurisdiction *sua sponte. See Davis v. United States,* 343 F.3d 1282, 1295 (10th Cir. 2003); Fed.R.Civ.P. 12(g)(3); 28 U.S.C. § 1447(c). Indeed, "if the parties fail to raise the question of the existence of jurisdiction, the federal court

has the duty to raise and resolve the matter." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

The Tenth Circuit has described the analysis to be applied in determining whether the amount in controversy exceeds $75,000, as follows:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden in on the party requesting removal to set forth, in the notice of removal, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]. Moreover, there is a presumption against removal jurisdiction.

*Laughlin,* 50 F.3d at 873 (citations omitted). The removing defendant bears the burden of establishing by a preponderance of the evidence federal court jurisdiction at the time of removal, and not by a supplemental submission. *Id.*

In this case, plaintiff's petition seeks a judgment "in an amount less than $75,000" exclusive of costs and attorney fees. [Dkt. #2-2 at 2]. Thus, under *Laughlin,* defendant is required to set forth not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also the *facts* underlying the belief. *Id.. See also Saffle v. Oil Field Pipe & Supply, Inc.,* 2009 WL 1606519 at *2 (N.D. Okla. June 8, 2009).

In *McPhail v. Deere Co.,* 529 F.3d 974 (10th Cir. 1008), the Tenth Circuit outlined several methods that a removing defendant may use to satisfy its burden of proving jurisdictional facts by a preponderance of evidence. First, the defendant may rely on an estimate of potential damages from the allegations in the complaint. *Id.* at 955. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."[1] *Id.* at 955-56. Second, other documentation such as discovery responses or

---

[1] By way of illustration, the court cited *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999), where the plaintiff sought removal based on a complaint seeking recovery in tort for "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in

affidavits can provide the basis for determining the amount in controversy. *Id.* at 956. Finally, a plaintiff's proposed settlement amount may be used as evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *Id.*

*McPhail* was a wrongful death case. Plaintiff did not plead any specific amount of damages but sought relief "in an amount in excess of Ten Thousand Dollars." *Id.* Although plaintiff's attorney consistently refused to stipulate the amount in controversy exceeded $75,000, the petition alleged plaintiff's decedent suffered severe and permanent injuries before his death, and she sought actual and punitive damages. *Id.* Further, plaintiff's counsel indicated in communications with defendant's counsel that the amount in controversy "very well may be" in excess of $75,000. *Id.* at 957. The court held the allegations of the complaint and the background information regarding discussions between counsel were sufficient to prove facts necessary to establish that more than $75,000 was in controversy. *Id.*

This case is distinguishable. Neither the face of the petition nor the notice of removal establish that this court has subject matter jurisdiction. "Defendant must affirmatively allege jurisdictional facts in the notice of removal and, unlike the allegations of a plaintiff's complaint, defendant's bare statement that the amount in controversy is satisfied is not entitled to any weight." *Saffle,* 2009 WL 1606519 at *3. The court lacks subject matter jurisdiction over this case and it must be remanded.

Therefore, the Court Clerk is directed to remand the case to Tulsa County District Court.

ENTERED this 19th day of June, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

the hospital, pain and suffering, humiliation and her temporary inability to do housework." *Id.* at 955-56.

3